UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 1 3 2000

Robert M. March
CLERK

MARC HARRINGTON, Personally, and as guardian
of the minor child, JOHN DOE,

    Plaintiff,

v.

CIV NO. 00-339 DJS/RLP

DEBORAH HARTZ, individually and in her individual
capacity, SUSAN ELAM, individually and in her individual
capacity, SHANNON MARIE OLESEN, individually and in
her individual capacity, LOUIS WILSON, LPCC,
individually and in his individual capacity,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendants Deborah Hartz, Susan Elam, and Shannon Marie Olesen's ("Defendants") Motion to Dismiss on Qualified Immunity and Other Grounds filed May 11, 2000 (Docket No. 17). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendants seek an order dismissing certain counts of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

This action is a suit pursuant to 42 U.S.C. §1983 with a pendant state claim for defamation of character. Plaintiff contends that Defendants violated his fundamental right to be informed of his

1



rights when they undertook an inquiry into an allegation of the sexual abuse of his minor child without notifying him. Plaintiff's defamation claim apparently stems from the fact that he was a subject of the investigation.

**STANDARD OF LAW**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

Under Rule 12(b)(6), a district court may dismiss a complaint that fails to comply with Rule 8(a)(2)'s requirement of a "short and plain statement of the claim" if there appears to be no set of facts on which the plaintiff may state a claim for relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir.1989). If it appears that no amendment of a plaintiff's complaint will satisfy the requirement for stating a claim upon which relief may be granted, then a district court may dismiss the case even without resort to the procedure for amending a complaint under Rule 15(a). See Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1389 (10th Cir.1980) (noting that permission to amend a complaint need not be given

when the "futility of amendment" is "apparent") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Federal Rules have established a liberal standard of "notice pleading" in which "technical forms of pleading" are not required, but instead, a plaintiff's factual pleading must merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) & (e)(1). The Supreme Court has explained that the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). Courts have interpreted this requirement to mean that "factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading." Mountain View Pharmacy, 630 F.2d at 1388. However, the Court may not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). A complaint has an additional obligation to "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." See Perrington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir.1979) (quoted in Monument Builders, 891 F.2d at 1480).

Defendants contend in part that they are entitled to qualified immunity from this suit. 42 U.S.C. §1983 creates a civil action at law, a suit in equity or other proper proceeding for redress

3

against every person who, under the color of state law, causes another to be deprived of rights, privileges or immunities given by the United States Constitution or by federal statute. <u>Hidahl v. Gilpin County Department of Social Services</u>, 938 F.2d 1150, 1152 (10th Cir.1991). The general rule is that in a 42 U.S.C.§1983 proceeding a government official performing a discretionary function is not liable to respond in damages for his actions unless such action violates clearly established constitutional or statutory rights of which the official knew or should have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Hidahl</u>, 938 F.2d at 1154-55; <u>Hilliard v. City and County of Denver</u>, 930 F.2d 1516, 1518 (10th Cir.1991). Government officials performing discretionary functions are entitled to qualified immunity, shielding them from civil damages liability, if "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987).

**§1983 CLAIM**

Plaintiff's claim that his fundamental right to notice of the investigation of charges that his child had been sexually abused was violated must be dismissed. Defendants construe Plaintiff's complaint to include the implicit claim that his procedural Due Process rights were violated because he was not afforded the opportunity to be heard, provide witnesses on his own behalf, or have the assistance of counsel. The Fourteenth Amendment protects citizens from the deprivation of "life, liberty, or property, without due process of law...." §U.S. Const. amend. XIV, 1. Procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision; substantive due process, on the other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures are that are used in making the decision. <u>Archuleta v. Colorado Dep't of Insts., Div. of</u>

4

Youth Servs., 936 F.2d 483, 490 (10th Cir.1991). To determine whether a plaintiff was denied procedural due process, the court engages in a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process? See Watson v. University of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir.1996).

Plaintiff points to no federal case or statute stating that a parent has a protected interest in being informed of the commencement of a child abuse investigation against them. Further, this Court can find no such case or law. However, NMSA 1978 §32A-4-4(B) states in part that, "at the commencement of the investigation [for child abuse or neglect] the parties shall be advised of their basic rights and no party may be compelled to appear at any conference, to produce any papers, or to visit any place." The question then becomes whether this statute invests Plaintiff with a procedural due process right to be notified of the investigation into the allegation of child abuse.

In the context of an employment case, the Tenth Circuit Court of Appeals has stated that "[a] failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause." Hicks v. City of Watonga, 942 F.2d 737, 746 n. 4 (10th Cir. 1991)(quoted in Hennigh v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir. 1998). Further, the mere failure to accord procedural protections called for by state law does not, of itself, amount to a denial of due process. Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir.) cert. denied, 116 S.Ct. 167 (1995).

In this case, Plaintiff does not assert that the investigation undertaken by the Defendants resulted in any further action by them or by the state of New Mexico. Complaint, ¶24. The issue of

5

the possible sexual abuse of Plaintiff's child was the subject of a hearing in state district court in Iowa. Complaint, ¶¶30-33. Plaintiff alleges that his child's mother used the results of the investigation to obtain in injunction from the Second Judicial District Court of New Mexico which limited his visitation with his son and which caused him to have to retain counsel to counter. Id. at ¶36u. However, he does not allege any action by Defendants regarding the initiation of that proceeding or obtaining that injunction. A §1983 suit must be premised upon state action.

Under the circumstances presented by this case, the violation of the state procedural requirement that Plaintiff be notified regarding the investigation of the allegation of child abuse did not result in a process that fell short of the requirement of the due process clause. Plaintiff was investigated, but state action by the state of New Mexico concluded with the end of the investigation. The only state action was the completion and closure of the investigation. Plaintiff does not allege that New Mexico officials participated in either the Iowa or the New Mexico court actions. The state did not act to deprive Plaintiff of any Due Process right guaranteed by the Fourth Amendment.

Plaintiff also asserts that Defendants violated his right to family integrity. Defendants are entitled to qualified immunity with regard to that claim. Plaintiff points to no established case law or statute holding that the investigation of a claim of child abuse can constitute interference with the right to family integrity. Cf. Lehr v. Robertson, 463 U.S. 248, 256 (1983)(relationship between parent and child merits constitutional protection in "appropriate cases"); Prince v. Massachusetts 321 U.S. 158, 166 (the family itself is not beyond regulation in the public interest); Martinez v. Mafchir, 35 F.3d 1486, 1490-91 (10th Cir. 1994) (right to family integrity not violated by social worker pursuing neglect petition). By the actions alleged in the complaint, the state did not seek to prevent Plaintiff from seeing his child or to otherwise restrict his access to his child. Consequently, they did

not undertake any action contrary to clearly established federal law with regard to his right to family integrity and are entitled to qualified immunity.

### DEFAMATION CLAIM

Defendants argue that Plaintiff's defamation claim against them must be dismissed because the relevant statute of limitations has expired and because the claim does not fall within a waiver provision of the New Mexico Tort Claims Act. The Court agrees that the relevant statute of limitations has expired and Plaintiff concedes that no remedy is available to him due to the statute of limitations. Because Plaintiff's claim cannot survive that fact, the Court will not proceed to the question of whether the claim may be brought under the Tort Claims Act and will dismiss Plaintiff's defamation claim as well.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss on Qualified Immunity and Other Grounds is granted. All of Plaintiff's claims are hereby dismissed.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**